IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JOHN GARANG, CHOL ABIET, and MARK MITCHELL, <br><br>  Plaintiffs, <br><br> v. <br><br> SMITHFIELD FARMLAND CORP., and MIGUEL BAUTISTA, and BECKY JACOBSEN, Individually and in their Corporate Capacities, <br><br>  Defendants. | CASE NO: 5:18−cv−04082−LTS |

**BRIEF IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT**

**BRIEF IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT**

## TABLE OF CONTENTS

I. SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED BY THE COURT .................................................................................................................. 1

II. ARGUMENT AND AUTHORITIES ....................................................................................... 2

    A. **Plaintiffs' Claims Against the Individual Defendants Should Be Dismissed Under Rule 12(b)(6).** ................................................................. 2

    B. **In the Alternative, Plaintiffs Should be Required to Provide a More Definite Statement.** ................................................................................. 7

III. PRAYER ............................................................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adefris v. Wilson Trailer Company*,
    2016 WL 141762 (N.D. Iowa, 2016) ................................................................10, 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..............................................................................................6, 7

*Christensen v. Cargill, Inc.*,
    Civil Action No. C14–4121–MWB, 2015 WL 5734439 (N.D.Iowa, 2015) ...............7, 8, 9

*Ellis v. Houston*,
    742 F.3d 307, 327 (8th Cir. 2014) .........................................................................11

*Goss v. Stream Global Services, Inc.*,
    Civil Action No. C14–4033–MWB, 2015 WL 1268192, at *4 (N.D.Iowa,
    2015) ......................................................................................................................11

*Jensen v. IOC Black Hawk County Inc.*,
    2016 WL 6080815 (N.D.Iowa, 2016) .....................................................................9

*Kirt v. Fashion Bug /3253, Inc.*,
    479 F.Supp.2d 938 (N.D. Iowa, 2007) ..................................................................10

*Parkhill v. Minn. Mut. Life Ins. Co.*,
    286 F.3d 1051 (8th Cir. 2002) ................................................................................7

*Patterson v. McLean Credit Union*,
    491 U.S. 164 (1989) ..............................................................................................10

*Thomas v. State Of Iowa Child Support Collections*,
    Civil Action No. 08-0722, 2008 WL 5484349 (Iowa App., 2008) ...........................7

*Topichian v. JPMorgan Chase Bank*,
    N.A., 760 F.3d 843, 848 (8th Cir. 2014) .................................................................7

**Statutes**

42 U.S.C. § 1981 ..............................................................................................5, 10, 11

**Other Authorities**

Fed. R. Civ. P. 8(a)(2)...................................................................................................................7

Fed. R. Civ. P. 12(b)(6)....................................................................................................... *passim*

Fed. R. Civ. P. 12(e) ......................................................................................................................5

# BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

Defendants Smithfield Packaged Meats Corp. (formerly known as Smithfield Farmland Corp.)(Smithfield), Miguel Bautista, and Becky Jacobsen (together with Smithfield, Defendants) respectfully submit this brief in support of their Partial Motion to Dismiss the causes of action filed by Plaintiffs John Garang, Chol Abiet, and Mark Mitchell (Plaintiffs) against Defendants Bautista and Jacobsen (the Individual Defendants) for failure to state a claim upon which relief can be granted and, alternatively, for a more definite statement.

## I. SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Plaintiffs assert claims for race and national origin discrimination and retaliation under the Iowa Civil Rights Act, Iowa Code Chapter 216 (the ICRA), and race discrimination under 42 U.S.C. § 1981. In an effort to hold the Individual Defendants, both of whom are employees of Smithfield, liable in their individual capacities, Plaintiffs' Petition lodges non-specific allegations that "Defendants" discriminated against them based on race and retaliated against Plaintiff Garang. *See* Petition at ¶¶ 30, 35, 38 (Docket Entry No. 1). The Plaintiffs, however, failed to allege factual allegations that claim any discrimination or retaliation by the Individual Defendants. *See* Petition (Docket Entry No. 1). Moreover, Plaintiffs haphazardly list facts that they fail to tie to their causes of action as required by pleading rules. Plaintiffs' claims of action against the Individual Defendants for discrimination and retaliation under ICRA, and discrimination under 42 U.S.C. § 1981 are sparse and conclusory. Plaintiffs' allegations relating to their claims against the Individual Defendants fail to state a claim upon which relief can be granted, therefore these claims should be dismissed under Rule 12(b)(6). In the alternative, Defendants respectfully request that

this Court require Plaintiffs to file an amended petition, stating all of their claims against the Individual Defendants in particularity so that Defendants may file a responsive pleading.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiffs' Claims Against the Individual Defendants Should Be Dismissed Under Rule 12(b)(6).

#### 1. Legal Standard

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Supreme Court has issued two decisions—*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)—explaining the standard by which motions to dismiss under Rule 12(b)(6) are decided. To survive a Rule 12(b)(6) motion, a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility only when the well-pleaded facts, if taken as true, would allow the court to draw the reasonable inference, based on its "experience and common sense," that the defendant is liable as alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). To meet this standard, Plaintiffs' allegations must cross two thresholds. First, the Court must "identify[] the allegations in the complaint that are not entitled to the assumptions of truth" because of their conclusory nature. *Id*. at 1951. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555). Second, considering only the well-pleaded facts, the Court must determine whether the complaint "plausibly suggest[s] an entitlement to relief" on the causes of action alleged. *Id*. at 1950; *Twombly*, 550 U.S. at 570. Such "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If not, they do not fulfill Federal Rule of Civil Procedure 8(a)(2)'s requirement that the complaint provide

the defendant with "fair notice of what . . . the claim is and the grounds upon which it rests." *Id*. "The well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein, must be viewed to determine whether the pleading party provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules." *Topichian v. JPMorgan Chase Bank*, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (*quoting Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1057–58 (8th Cir. 2002)). As discussed more fully below, Plaintiffs fail to meet their pleading burden against the Individual Defendants.

> 2. *Plaintiffs Have Failed To State a Race and National Origin Discrimination Claim Under ICRA Against the Individual Defendants.*

To establish a *prima facie* case of race discrimination under the ICRA, an employee must demonstrate that he or she was: (1) a member of a protected class; (2) performing work satisfactorily; and (3) subject to an adverse employment action. *Thomas v. State Of Iowa Child Support Collections*, Civil Action No. 08-0722, 2008 WL 5484349, at *6 (Iowa App., 2008). Where, as here, a complainant seeks to hold an individual liable, some specific facts demonstrating that the conduct of the individual altered the terms of the complainant's employment must be set forth to make a facially plausible claim of individual liability under the ICRA. Indeed, in *Christensen v. Cargill, Inc.*, Civil Action No. C14–4121–MWB, 2015 WL 5734439, at *9 (N.D.Iowa, 2015) this Court granted defendants' motion to dismiss plaintiff's discrimination claim under the ICRA because plaintiff did not plausibly allege that her co-worker was responsible for any adverse employment action suffered by plaintiff. This Court further held that plaintiff pleaded no facts suggesting that her co-worker had any authority over her alleged disparate pay or control over what policies applied to her. *Id*.

Here, Plaintiffs have not pleaded facts indicating that the Individual Defendants' conduct altered the terms of their employment. In fact, the Petition fails to specify who allegedly engaged

in illegal conduct against the Plaintiffs. Under the heading "Race and National Origin Discrimination," the Petition sets out numerous factual allegations that purport to support the Plaintiffs' assertion of race and national origin discrimination against the Individual Defendants. However, these allegations lack specificity. Rather, the factual assertions lump all Defendants together. It is not possible to ascertain what actions were done by the Individual Defendants versus the Company. For example, various allegations under Count I serve as an exemplar:

> 22. Hispanics in positions of authority favored other Hispanic workers over Plaintiffs and other Black employees.
>
> 23. Plaintiffs and other Black employees were assigned harder and less desirable jobs than the Hispanic employees.
>
> 29. There is a fundamental divide between the Hispanic workforce and the Black workforce at the Denison facility, and while Defendants were aware of that divide, Defendants took no effective steps to address it.

*See* Petition at ¶¶ 22, 23, 29 (Docket Entry No. 1). Indeed, Plaintiffs make no specific mention of the Individual Defendants other than to state their respective roles within the Company and generally allege that Plaintiffs made complaints to Defendant Jacobsen that went unaddressed. *See* Petition at ¶¶ 20, 21, 28 (Docket Entry No. 1). Indeed, no specific allegation is made against Bautista. Additionally, the Petition fails to link any allegations of discrimination to any adverse employment action with respect to Plaintiffs Abiet and Mitchell.

Plaintiffs' bare bones statement that "Defendants" discriminated against them based on race and national origin is a legal conclusion that is insufficient to survive a motion to dismiss. *See Christensen*, 2015 WL 5734439 at *9. Plaintiffs have not pleaded facts to indicate liability on the part of the Individual Defendants with respect to their ICRA race and national origin discrimination claims. Accordingly, this Court should dismiss Plaintiffs' ICRA discrimination claims against the Individual Defendants for failure to state a claim upon which any relief may be granted.

### 3. Plaintiff Garang's Claim of Retaliation Against the Individual Defendants Should Be Dismissed Under Rule 12(b)(6).

To establish a *prima facie* case of retaliation against Defendants under ICRA, Plaintiff Garang must show that: (1) he participated in an activity protected by ICRA; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the materially adverse action. *Jensen v. IOC Black Hawk County Inc.*, 2016 WL 6080815, at *8 (N.D.Iowa, 2016). An employee has demonstrated a causal connection if he can show that the protected activity was a "significant factor" motivating the adverse employment decision. *Id.*

Here, Plaintiff Garang fails to assert any factual allegations supporting his claim of retaliation against the Individual Defendants, and instead generally states that he made complaints "to [Smithfield's] Human Resources Department" and concludes that "Defendants retaliated against Garang by terminating his employment because he had complained of discrimination." *See* Petition at ¶¶ 33, 35 (Docket Entry No. 1). Plaintiff Garang has not, however, pleaded facts demonstrating that the Individual Defendants made the termination decision, or that they retaliated against him. Plaintiff Garang's claim for retaliation against the Individual Defendants should therefore be dismissed.

### 4. Plaintiffs' Claims of Discrimination Against the Individual Defendants Under 42 U.S.C. § 1981 Should Be Dismissed Under Rule 12(b)(6).

In count three, the Petition asserts claims against Defendants for race discrimination in violation of 42 U.S.C. § 1981. To establish a *prima facie* case of discrimination under 42 U.S.C. § 1981, Plaintiffs must show that: (1) they are members of a protected class; (2) Defendants intended to discriminate against them on the basis of race; and (3) the alleged discrimination concerns an area enumerated by 42 U.S.C. § 1981 (*i.e.*, the making and enforcement of contracts). *Kirt v. Fashion Bug 3253, Inc.*, 479 F.Supp.2d 938, 942 (N.D. Iowa, 2007). Discrimination claims

under § 1981 are analyzed under the same *McDonnell Douglas* burden shifting framework as Title VII claims. *Patterson v. McLean Credit Union*, 491 U.S. 164, 186–87 (1989). In order to establish individual liability under § 1981, Plaintiffs must demonstrate that the Individual Defendants acted (or failed to act) for the purpose of creating a hostile work environment for the Plaintiffs. *Adefris v. Wilson Trailer Company*, 2016 WL 141762, at *13 (N.D. Iowa, 2016).

Plaintiffs' Petition fails to state any facts upon which relief may be granted under 42 U.S.C. § 1981 against the Individual Defendants. Indeed, the factual allegations in the other paragraphs of the Petition that are incorporated by reference provide no factual basis for this claim against the Individual Defendants. As noted above, with the exception of the allegation that Plaintiffs complained to Jacobsen and such complaints went unaddressed, the only times the Petition specifically mentions the Individual Defendants is in the paragraphs identifying them. Nowhere in the purported factual allegations are any actions attributed to the Individual Defendants. Thus, the Petition fails to state a claim against the Individual Defendants for violation of their civil rights under § 1981.

Further, with respect to Plaintiffs' sole allegation against Defendant Jacobson, the United States Court of Appeals for the Eighth Circuit has found such an allegation to be insufficient to withstand dismissal under 12(b)(6). *See Ellis v. Houston*, 742 F.3d 307, 327 (8th Cir. 2014) (noting a defendant's personal liability under § 1981 requires proof of intentional discrimination by that defendant, and liability is not established merely by proof that the defendant was deliberately indifferent to racial harassment by his subordinates, or by a proof of a general racial animus and lack of response by the supervisors). Accordingly, this claim should be dismissed. *See Adefris,* 2016 WL 141762 at *13 (recommending that motion to dismiss be granted with regard to any claim against individual defendant on a hostile work environment theory because plaintiff's

allegations did not establish a plausible claim against employer for hostile work environment); *see also Goss v. Stream Global Services, Inc*., Civil Action No. C14–4033–MWB, 2015 WL 1268192, at *4 (N.D.Iowa, 2015) (granting motion to dismiss with respect to hostile work environment claim under § 1981 because complaint mentioned only a single incident of discriminatory conduct – a joke – which was not physically threatening, and did not interfere with plaintiff's work performance).

In the instant case, Plaintiffs' lack of allegations against the Individual Defendants fails to raise a right to relief above the speculative level. Accordingly, Plaintiffs' claims against the Individual Defendants should be dismissed in their entirety.

### B. In the Alternative, Plaintiffs Should Be Required to Provide a More Definite Statement.

The allegations asserted in the Petition are replete with "group pleadings," and do not provide the Individual Defendants with sufficient notice of the factual or legal bases of the claims asserted against them sufficient to enable the Individual Defendants to prepare their answers and defenses. Thus, in the alternative, Defendants respectfully request that the claims be specifically pled as to the allegations asserted against the Individual Defendants.

### III. PRAYER

For all the foregoing reasons, Defendants move the Court to dismiss the claims against Defendants Miguel Bautista and Becky Jacobsen in their entirety under Rule 12(b)(6) with prejudice; alternatively, Defendants request the Court to order Plaintiffs to provide a more definite statement with respect to the claims against the Individual Defendants. Defendants request all such other and further relief to which Defendants are justly entitled.

Respectfully submitted,

**JACKSON LEWIS, P.C.**

By: */s/ Kenneth M. Wentz III*
    Kenneth M. Wentz III, AT0010309
    10050 Regency Circle, Suite 400
    Omaha, Nebraska 68114
    402.391.1991 (Main)
    402.391.7363 (Fax)
    wentzk@jacksonlewis.com

**HUNTON ANDREWS KURTH LLP**

By: /s/ *Amber M. Rogers*
    Amber M. Rogers *(pro hac vice to be submitted)*
    Texas Bar No. 24056224
    arogers@huntonAK.com
    Jayde Ashford Brown *(pro hac vice to be submitted)*
    Texas Bar No. 24087119
    jaydebrown@huntonAK.com
    1445 Ross Avenue, Suite 3700
    Dallas, TX 75202
    Phone: 214.979.3000
    Fax: 214.979.3929

    **ATTORNEYS FOR DEFENDANTS SMITHFIELD PACKAGED MEATS CORP., MIGUEL BAUTISTA, AND BECKY JACOBSEN**

# CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of November, 2018 a true and correct copy of the above and foregoing document was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon the following:

Melissa C. Hasso
Mark D. Sherinian
SHERINIAN & HASSO LAW FIRM
521 E. Locust St., Suite 300
Des Moines, IA 50309

                                                /s/ *Kenneth M. Wentz III*
                                                Kenneth M. Wentz III

4846-0279-0016, v. 1